JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Nancy Navetta | KIS Career School, Inc.<br>d/b/a Keystone Technical Institute |

| (b)   County of Residence of First Listed Plaintiff  Dauphin Country | County of Residence of First Listed Defendant   Berks County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Patrick G. Murphy, Esquire<br>Murphy & Associates<br>350 Sentry Parkway<br>Building 640, Suite 100<br>Blue Bell, PA  19422 | Attorneys *(If Known)* |
|---|---|

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>42 U.S.C. § 2000e -2; 29 U.S.C. § 623<br>Brief description of cause:<br>Employment Discrimination case |
|---|---|

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes   ☐ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/07/2014 | |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY NAVETTA** | : | |
| **1502 Knollcrest Rd.** | : | |
| **Harrisburg PA 17112** | : | **CIVIL ACTION NO.** _____ |
| | : | |
| **V.** | : | |
| | : | |
| **KIS CAREER SCHOOL, INC.** | : | |
| **d/b/a KEYSTONE TECHNICAL** | : | |
| **INSTITUTE** | : | **JURY TRIAL DEMANDED** |
| **212 Hillview Circle** | : | |
| **Leesport, PA  19533** | : | |

## COMPLAINT

Plaintiff Nancy Navetta, ("Plaintiff"), by and through her undersigned attorneys hereby

files this Complaint and avers as follows:

## I.   INTRODUCTION

1.      Plaintiff initiates this action for violation of Title VII of the Civil Rights Act of

1964, ("Title VII"), the Age Discrimination in Employment Act, ("ADEA"), the Americans with

Disabilities Act, as Amended, ("ADAA") and the Pennsylvania Human Relations Act,

("PHRA").

## II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims under 28 U.S.C.§

1331 as these claims arise under the laws of the United States of America.

3.      This Court may properly maintain jurisdiction over the Defendant because at all

relevant and material times, Defendant maintained a place of business and registered office

within the State and within this Judicial District.

4.      Venue is properly laid in this District because all acts and/or omissions giving rise

to the claims as set forth herein arose in this Judicial District and at all relevant and material

times, Defendant maintained its principal place of business and registered office as set forth in the caption within this District thereby rendering Defendant subject to the jurisdiction of this Court.

5.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims asserted because such claims are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case and controversy.

6.     On or about September 25, 2013, Plaintiff duel-filed a Charge for Discrimination before the Equal Employment Opportunity Commission, ("EEOC"), and the Pennsylvania Human Relations Commission, ("PHRC").

7.     On August 8, 2014 the EEOC issued its Dismissal and Notice of Rights.  A copy of the Dismissal and Notice of Rights is attached hereto as Exhibit "1".

8.     More than one (1) year has passed since Plaintiff's Charge was dual-filed with the PHRC.

9.     Plaintiff has fully complied with all administrative prerequisites to file this action.

## III.   PARTIES

10.     Plaintiff is an adult individual over the age of 40, who at all times relevant hereto resided at 1502 Knollcrest Road, Harrisburg, Pennsylvania 17112.

11.     Defendant KIS Career School, Inc. d/b/a/ Keystone Technical Institute, ("KTI" or "Defendant"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania employing over fifty (50) individuals and providing educational and technical services to individuals throughout Pennsylvania.

12.     At all times relevant hereto, Defendant did act by and through its agents, servants, workmen and employees, each of whom acted at all times relevant hereto in the course and scope of their employment for and with the knowledge and consent of Defendant.

## IV.     FACTUAL BACKGROUND

13.     Plaintiff is a 55 year old female.

14.     Plaintiff was initially hired by Defendant on or about February 22, 2012 as Defendant's Dean of Education.

15.     Plaintiff fully performed the job duties of Dean of Education and received above average job evaluations for her work performance.

16.     Plaintiff was initially supervised by an individual named Norman Rankis.

17.     At all times, Plaintiff maintained a good relationship with Mr. Rankis and Plaintiff was never told that she was not performing up to expectations or that her performance was deficient in any manner.

18.     In December 2012, Mr. Rankis left KTI and David Snyder, who was and is the President of KTI, assumed Mr. Rankis' duties.

19.     Since the inception of Plaintiff's employment, Mr. Snyder, KTI's President, created a hostile work environment based upon Plaintiff's age and her sex.

20.     For example, Mr. Snyder repeatedly made inappropriate and negative remarks in Plaintiff's presence about women on various occasions.

21.     Mr. Snyder also stated to Plaintiff that she may be too old for the position".

22.     On account of Mr. Snyder's treatment of Plaintiff and because of his repeated discriminatory comments, Plaintiff complained to Mr. Rankis.

23.     Despite Plaintiff's complaints, nothing was done as Mr. Snyder controlled the operations of KTI.

24.     At some point during Plaintiff's employment with KTI, during a meeting with senior staff, Mr. Snyder condoned and joined in inappropriate comments about instructors of KTI regarding their age and/or disabilities.

25.     When Plaintiff complained to Mr. Snyder about those comments he simply ignored them.

26.     In addition, although Plaintiff was serving in the position of Dean of Education Plaintiff was required to clock in and clock out.

27.     This was not required of other younger employees who held positions similar to Plaintiff.

28.     Further, Mr. Snyder made other biased comments that Plaintiff had hired individuals who were too old for positions at KTI and suggested Plaintiff was trying to turn KTI into an "old age home" or a "retirement community".

29.     When Plaintiff complained again to Mr. Snyder that this was inappropriate, Plaintiff's complaints were ignored.

30.     Mr. Snyder also provided new computer equipment to younger staff while not providing the same to Plaintiff.

31.     Despite Plaintiff's complaints, Defendant failed to take any steps to stop the harassment and in fact it proceeded to get worse.

32.     On March 20, 2013 Plaintiff was given a negative performance review by Mr. Snyder which indicated Plaintiff was not performing her job.

33.     This performance review was not accurate and was a pretext by Mr. Snyder to try to force Plaintiff to resign.

34.     As part of the pretextual performance review, Plaintiff was given a month to show improvement.  During that time, Plaintiff complied with Mr. Snyder's directives and Plaintiff was informed by Mr. Snyder that she was improving.

35.     In addition, at all times relevant hereto, Mr. Snyder was aware that Plaintiff's husband suffers from a disability.

36.     Mr. Snyder made comments in Plaintiff's presence about individuals with disabilities, which reflect an animus on his part towards these individuals.

37.     Because of his disability, Plaintiff's husband could not drive and Plaintiff was required to pick him up from his job.

38.     This necessitated Plaintiff having to leave KTI for approximately 10-15 minutes.

39.     This did not affect Plaintiff's ability to perform her duties nor did Plaintiff allow it to affect her performance.

40.     As a result of Plaintiff's husband's disability and because she needed to pick him up, Mr. Snyder required Plaintiff to call other staff to inform them she was leaving the building because she needed to assist her husband.

41.     Mr. Snyder instituted this requirement in an attempt to harass Plaintiff because of Plaintiff's husband's disability as he did not require this of other staff who did not associate with individuals with known disabilities.

42.     On April 20, 2013, Mr. Snyder accused Plaintiff of violating company policy.

43.     This accusation was unfounded and it was a pretext by Mr. Snyder to terminate Plaintiff.

44.     Plaintiff was at all times relevant hereto a qualified employee.

45.     Plaintiff believes and therefore avers that she was replaced by a person who was substantially younger.

46.     As a result of being removed from her position, Plaintiff's job duties were substantially and materially altered.

47.     The actions taken by Defendant constituted harassment, retaliation and discrimination against Plaintiff based upon her age, her sex and her association with an individual with a known disability.  The actions included, but were not limited to Plaintiff's unjustified termination, her being given a pretextual performance plan, Defendant's refusal to investigate managements' behavior, subjecting Plaintiff to numerous discriminatory comments and the negative alteration of Plaintiff's benefits, schedule and pay.

48.     As a result of the unjustified termination, discrimination, harassment and refusal to investigate her complaints, Plaintiff was detrimentally affected physically and psychologically preventing her from following her normal and customary duties.

49.     The unlawful employment practices as set forth above were intentional.

50.     The unlawful employment practices as set forth above were done with malice and with reckless indifference to Plaintiff's federally protected rights.

51.     The effect of the practices complained of above has been to deprive Plaintiff and other similarly protected employees of equal employment opportunities and otherwise adversely affect their status as employees because of their age, their sex and/or their disability.

52.     Plaintiff properly exhausted her administrative remedies under Title

VII, the ADA, the ADEA and the PHRA by timely duel filing a Charge of Discrimination with

the EEOC and PHRC and by filing this action within ninety (90) days of receiving a Dismissal

and Notice of Rights from the EEOC.

53.     Plaintiff was issued her Dismissal and Notice of Rights letter on August 8, 2014.

## COUNT I
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute
Violation of the Age Discrimination and Employment Act**

54.     Plaintiff incorporates by reference paragraphs 1 through 53 as if same

were fully set forth herein.

55.     The actions of Defendant, through its agents, servants and employees, in

subjecting Plaintiff to discrimination in the terms, conditions and privileges of her employment

based on her age and ultimately resulting in her termination constitutes a violation of the ADEA.

56.     As a direct result of the aforesaid unlawful discriminatory employment practice

engaged in by Defendant in violation of the ADEA, Plaintiff has sustained several emotional and

psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back

pay, front pay and interest due herein.

57.     Plaintiff's termination was based upon her age in violation of her rights under the

ADEA.

## COUNT II
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute
Violation of the Pennsylvania Human Relations Act**

58.     Plaintiff incorporates by reference paragraphs 1 through 57 as if same

were fully sent forth herein.

59.     The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, condition and privileges of her employment based on her age and ultimately resulting in her termination constitutes a violation of the PHRA.

60.     As a direct result of the aforesaid unlawful discriminatory employment practice engaged in by Defendant in violation of the PHRA, Plaintiff has sustained several emotional and psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back pay, front pay and interest due herein.

61.     Plaintiff properly dual filed her EEOC Charge of Discrimination with the PHRC and has properly exhausted her administrative remedies to proceed under the PHRA.

## COUNT III
### Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute
### Title VII of the Civil Rights Act of 1964 based Sex Discrimination

62.     Plaintiff incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

63.     The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, conditions and privileges of her employment based on her sex and ultimately resulting in her termination constitutes a violation of the Title VII.

64.     As a direct result of the aforesaid unlawful discriminatory employment practice engaged in by Defendant in violation of the Title VII, Plaintiff has sustained several emotional and psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back pay, front pay and interest due herein.

65.     Plaintiff's termination was based upon her sex in violation of her rights under Title VII:

**COUNT IV**
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute**
**Violation of the Pennsylvania Human Relations Act**

66.     Plaintiff incorporates by reference paragraphs 1 through 65 as if same

were fully sent forth herein.

67.     The actions of Defendant, through its agents, servants and employees, in

subjecting Plaintiff to discrimination in the terms, condition and privileges of her employment

based on her sex and ultimately resulting in her termination constitutes a violation of the PHRA.

68.     As a direct result of the aforesaid unlawful discriminatory employment practice

engaged in by Defendant in violation of the PHRA, Plaintiff has sustained several emotional and

psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back

pay, front pay and interest due herein.

69.     Plaintiff properly dual filed her EEOC Charge of Discrimination with the PHRC

and has properly exhausted her administrative remedies to proceed under the PHRA.

**COUNT V**
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute**
**Americans With Disabilities Act as Amended**

70.     Plaintiff incorporates by reference paragraphs 1 through 69 as if fully

set forth herein.

71.     The actions of Defendant, through its agents, servants and employees, in

subjecting Plaintiff to discrimination in the terms, conditions and privileges of her employment

based on her association with an individual with a known disability and ultimately resulting in

her termination constitutes a violation of the ADAA.

72.     As a direct result of the aforesaid unlawful discriminatory employment practice

engaged in by Defendant in violation of the ADAA, Plaintiff has sustained several emotional and

-9-

psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back pay, front pay and interest due herein.

73.     Plaintiff's termination was based upon her association with an individual with a known disability in violation of her rights under ADAA.

## COUNT VI
### Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute
### Violation of the Pennsylvania Human Relations Act

74.     Plaintiff incorporates by reference paragraphs 1 through 73 as if same were fully sent forth herein.

75.     The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination in the terms, condition and privileges of her employment based on her association with a known disability and ultimately resulting in her termination constitutes a violation of the PHRA.

76.     As a direct result of the aforesaid unlawful discriminatory employment practice engaged in by Defendant in violation of the PHRA, Plaintiff has sustained several emotional and psychological distress, a loss of earnings, plus the loss of future earning power, benefits, back pay, front pay and interest due herein.

77.     Plaintiff properly dual filed her EEOC Charge of Discrimination with the PHRC and has properly exhausted her administrative remedies to proceed under the PHRA.

## COUNT VII
### Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute
### Title VII of the Civil Rights Act of 1964 gender based Hostile Work Environment

78.     Plaintiff incorporates by reference paragraphs 1 through 77 as if same were fully set forth herein.

-10-

79.     Mr. Snyder's conduct, as set forth above, is attributed to the Defendant under the doctrine of *respondeat superior*.

80.     The conduct of the aforementioned management staff was severe, pervasive and objectively offensive to Plaintiff as an adult over 40 years age of normal sensibilities.

81.     The harassing conduct and subsequent retaliation was directed to Plaintiff because of her age was severe and pervasive.

82.     The harassment and subsequent termination of Plaintiff from her position was the direct and proximate result of the harassment and discrimination directed towards Plaintiff by the aforementioned management staff.

83.     The actions of the Defendant, through its agents, servants and employees, in subjecting her to discrimination in the terms, conditions and privileges of Plaintiff's employment, not conducting an investigation into her complaints, selectively disciplining her and in terminating, and retaliating against Plaintiff because of her sex, created a hostile work environment and constituted a violation of Title VII.

## <u>COUNT VIII</u>
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute**
**Age Discrimination in Employment Act Age Based Hostile Work Environment**

84.     Plaintiff incorporates by reference paragraphs 1 through 83 as if same were fully set forth herein.

85.     Mr. Snyder's conduct, as set forth above, is attributed to the Defendant under the doctrine of *respondeat superior*.

86.     The conduct of the aforementioned management staff was severe, pervasive and objectively offensive to Plaintiff as an adult over 40 years age of normal sensibilities.

87.     The harassing conduct and subsequent retaliation was directed to Plaintiff because of her sex was severe and pervasive.

88.     The harassment and subsequent termination of Plaintiff from her position was the direct and proximate result of the harassment and discrimination directed towards Plaintiff by the aforementioned management staff.

89.     The actions of the Defendant, through its agents, servants and employees, in subjecting her to discrimination in the terms, conditions and privileges of Plaintiff's employment, not conducting an investigation into her complaints, selectively disciplining her and in terminating, and retaliating against Plaintiff because of her age, created a hostile work environment and constituted a violation of ADEA.

**COUNT IX**
**Nancy Navetta v. KIS Career School, Inc. d/b/a Keystone Technical Institute**
**Retaliation For Engaging in a Protected Activity**

90.     Plaintiff incorporates by reference paragraphs 1 through 89 as if same were fully set forth herein.

91.     By intentionally, willfully and deliberately subjecting Plaintiff to retaliation based upon her complaints of discrimination, Defendant, through its agents, representatives and employees, violated the anti-retaliation provisions of Title VII, the ADEA, the ADAA and the PHRA.

**WHEREFORE,** Plaintiff prays this Honorable Court enter an order providing that:

A.     Defendant is to promulgate and adhere to policies prohibiting discrimination based on sex.

B.     Defendant is to promulgate and adhere to policies prohibiting discrimination based upon age.

C.      Defendant is to compensate Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions including, but not limited to, back pay, front pay, salary, pay increase, bonuses, insurance benefits, training and promotions.

D.      Plaintiff is to be awarded actual damages as well as damages for the pain, suffering and humiliation caused by Defendant's actions as permitted by law.

E.      Plaintiff is to be awarded punitive damages to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such conduct in the future.

F.      Plaintiff is awarded such equitable and legal relief as the Court deems just, proper and appropriate.

G.      Plaintiff is to award the costs and expenses of this action including reasonable attorney's fee as provided by Federal and State Law.

Respectfully,

MURPHY & ASSOCIATES

BY:

PATRICK G. MURPHY, ESQUIRE
ATTY. I.D. NO. 34815
EDWARD J. MURPHY, JR., ESQUIRE
ATTY. I.D. NO. 94815
350 SENTRY PARKWAY
BUILDING 640, SUITE 100
BLUE BELL, PA  19422
(215) 643-6500

Date: October 7, 2014

-13-

# EXHIBIT "1"

EEOC Form 161 (rev 2/17/08)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Nancy Nevetta
     1502 Knollcrest Road
     Harrisburg, PA 17112

From: Equal Employment Opportunity Commission
      Philadelphia District Office
      801 Market Street, Suite 1300
      Philadelphia, PA 19107-3127

On behalf of person(s) aggrieved whose identity
is CONFIDENTIAL (29 CFR § 1601.7(a))

[    ]

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-03838 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  Your charge was not timely filed with EEOC.   In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ X ]  The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other (briefly state)  _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.   You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.   (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.   This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____        7/17/14
Spencer H. Lewis, Jr., District Director       (Date Mailed)

Enclosure(s)
   Information Sheet

cc:  KEYSTONE TECHNICAL INSTITUTE
     Patrick G Murphy, Esq. (for Charging Party)
     Michael J Crocenzi, Esq. (for Respondent)